MINOR—See Abatement 12. Audita Querela 2. False Imprisonment 3.

---

MILITARY OFFICER—See False Imprisonment 2, 3. Condemnation.

---

## MORTGAGE.

### No. 1.

**WILKINSON** *against* **LATHROP.** *Rutland,* 1816.

THE estate of a mortgagee may be attached and execution extended thereon. Quere de hoc, How shall it be levied on, before the law day expires.

---

### No. 2.

**CATLIN** *against* **CHITTENDEN & CO.** *Chittenden,* 1819.

WHERE a conveyance, of land, is made, as *security for a pre-existing debt,* it is a mortgage, whatever may be the words of the condition, and, once a mortgage, it is always a mortgage.

In all cases of mortgage, the mortgagee has a right to collect his debt, independent of the mortgage.

ACTION on book. The case was, that before the commencement of the present action, Giles T. Chittenden executed to the plaintiff a deed of lands, in Burlington, and a deed of lands in Colchester; and, on the execution of said deeds, the said Giles took from the said Guy Catlin, a memorandum, in writing, as follows :

"Received, at Quebec, this 14th day of August, 1816, from Giles T. Chittenden, his two deeds of this date, conveying lands in the towns of Burlington and Colchester. Now, therefore, if the said Giles shall pay, or cause to be paid, to the said Guy Catlin, a certain note, for the sum of six thousand dollars, with the interest thereon ; also, the amount due the said Guy Catlin, from the said Giles T. Chittenden & Co. and also pay the said Catlin's expences, and a compensation for his journey

to this place, and also his expenses of sending money to New York, in sixty days from date hereof; then, and in that case, the said Catlin is to release to said Chittenden, the lands abovementioned; but, if the said Chittenden shall neglect or refuse to pay as abovementioned, the deeds, here mentioned, are held by said Catlin, in full payment of the sums abovementioned;" which memorandum was duly recorded.

Upon these facts the Judge directed a verdict for the defendant, and a verdict was returned, that the plaintiff ought to be barred.

Exceptions by plaintiff, and motion for new trial.

*Van Ness*, in support of the motion, contended :

That the deeds, in this case, were taken to secure pre-existing debts, the execution of the receipt, and the recording the same, gave to the plaintiff only the interest of a mortgagee; the strong words used at the end of the receipt could not destroy the equity of redemption of Chittenden, of course Catlin must have the right to collect his debt.

*Contra. Adams :* That the reception, by Catlin, of the deeds described in this case, was in full satisfaction of the said Catlin's book account, that although the Chittendens have recorded the memorandum and thereby rendered the deeds defeasable ; yet the said Catlin's original demands are not thereby revived.

By the Court. In all cases where the conveyance is a mortgage, the rights of the parties are reciprocal ; the mortgagor has a right to redeem, and the mortgagee to collect his debt.

In this case the conveyances and receipt shew that the land was holden by the plaintiff as *security* for a pre-existing debt ; as the conveyance was a mortgage in its *origin* it continues a mortgage to the present time ; the interest of the plaintiff in the land, is that of a mortgagee, and he has a right to sue, for his debt.

New trial not granted.